Matter of Schram (2018 NY Slip Op 04549)





Matter of Schram


2018 NY Slip Op 04549


Decided on June 20, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
LEONARD B. AUSTIN, JJ.


[*1]In the Matter of Marc Bruce Schram, an attorney and counselor-at-law. (Attorney Registration No. 1904549)



The respondent, Marc Bruce Schram, was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 7, 1984. By order to show cause dated October 20, 2017, this Court directed the respondent to show cause why discipline should or should not be imposed on him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey, filed July 7, 2017.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Marc Bruce Schram, Hazlet, New Jersey, respondent pro se.



PER CURIAM.


OPINION & ORDER
By order filed July 7, 2017, the Supreme Court of New Jersey censured the respondent for violating New Jersey Rules of Professional Conduct (hereinafter RPC) rule 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) (see Matter of Schram , 229 NJ 519, 163 A3d 874). The order was predicated on a Decision decided January 23, 2017, of the Disciplinary Review Board
(hereinafter the DRB) of the Supreme Court of New Jersey, in connection with Docket No. DRB 16-198.
As revealed in the DRB's decision, the New Jersey Office of Attorney Ethics (hereinafter the OAE) and the respondent executed a stipulation dated May 12, 2016. Pursuant to the stipulation, the respondent admitted, inter alia, as follows:
On February 25, 2015, Arthur Alte IV, a TD Bank customer, cashed a check for $1,185.65 at the drive-up window of the Hazlet, New Jersey, branch of TD Bank. Mr. Alte became distracted while on his cell phone and left the drive-up window without retrieving from the transaction tube the bank envelope containing $1,185.65 in cash and his driver's license. A few minutes later, Mr. Alte realized his error and returned to the bank, and saw the transaction tube still sitting in place with a white envelope inside. When he opened the envelope, he found his driver's license and 65 cents. He immediately alerted bank personnel about the missing $1,185, and contacted local police.
The Hazlet police reviewed the bank's surveillance video for the drive-up area, and observed the driver of a white BMW automobile, the very next automobile to move through that lane after Alte, taking cash out of the transaction tube, counting it, and returning the envelope containing Alte's driver's license and 65 cents. The driver of that vehicle then drove away without conducting a transaction.
Two weeks later, on March 10, 2015, police received information from TD Bank identifying the respondent as the driver of the white BMW. The respondent had not returned the cash to TD Bank. Once contacted by police, the respondent went to the police station, cooperated fully with police, and admitted having taken the $1,185 on February 25, 2015. The respondent explained that he "had a momentary lapse of reason," made a bad decision, and took the money. On March 15, 2015, the respondent reported the matter to the OAE, as required by NJ Stat Ann Rule 1:20-13(a)(1). Subsequently, on March 23, 2015, the Monmouth County Prosecutor's Office notified the OAE of a pending criminal charge against the respondent, specifically, theft of mislaid property (NJ Stat Ann 2C:20-6), a third-degree crime.
On September 15, 2015, the respondent submitted his written reply to the OAE grievance, wherein he acknowledged the accuracy of the police report and the statements that he had provided to police.
The respondent was admitted into, and successfully completed, the Pretrial Intervention Program (hereinafter the PTI), and paid full restitution to the victim.
By virtue of the foregoing, the respondent conceded that, by his theft of mislaid property, a third-degree criminal act, he violated RPC rule 8.4(b).
The DRB, upon review, found that although the respondent claimed that he had "a momentary lapse of reason" when deciding whether to keep or return the $1,185, which he knew belonged to another bank customer, he "failed that impromptu character test, deciding to keep the money." Further, the respondent's lapse continued for another two weeks, until he was finally identified by bank employees. In mitigation, the DRB noted that once the respondent was identified, he cooperated with police, self-reported his conduct to the OAE, completed the PTI program, and paid full restitution to the victim. Further, the respondent demonstrated remorse for his conduct, and had no prior discipline in 30 years at the New Jersey bar. The DRB concluded that a censure "adequately addresses [the] respondent's single, apparently aberrant, act."
By order filed July 7, 2017, the Supreme Court of New Jersey censured the respondent, and ordered him to reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter.
In his response to this Court's order to show cause, the respondent acknowledges that he did not forward the order of the Supreme Court of New Jersey to this Court as required by 22 NYCRR 1240.13(d). He believed, however, that he had given "effective notice" to this Court, as he had promptly notified the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts of that order. The respondent also notified the Grievance Committee of the initiation and outcome of the criminal proceeding. Addressing the underlying conduct, the respondent, among other things, demonstrated remorse for his "inexcusable" professional misconduct, and maintained that it will never happen again. Rather than raising a defense as provided by 22 NYCRR 1240.13(b), the respondent has consented to the imposition of discipline by this Court for his professional misconduct.
Accordingly, we find that the imposition of reciprocal discipline is warranted based on the findings of the Supreme Court of New Jersey, and we conclude that the appropriate sanction is a public censure.
MASTRO, J.P., DILLON, LEVENTHAL, CHAMBERS and AUSTIN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Marc Bruce Schram, is publicly censured.
ENTER:
Aprilanne Agostino
Clerk of the Court